JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8427 PA (RZx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | HTNS America, Inc. v. Beazley Group, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On January 6, 2015, the Court dismissed plaintiff HTNS America, Inc.'s ("Plaintiff") First Amended Complaint for lack of subject matter jurisdiction. The Court provided Plaintiff with leave to amend, but warned Plaintiff that failure to "satisfactorily allege the Court's subject matter jurisdiction . . . may result in the dismissal of this action without prejudice."

Previously, on December 18, 2014, the Court had explained that the First Amended Complaint had not adequately alleged "either Plaintiff's citizenship or the citizenship of each of the underwriters who subscribed to the subject insurance policy." See Indiana Gas Co. v. Home Ins. Co., 141 F.3d 314, 319 (7th Cir. 1998) ("We . . . hold that the underwriting syndicates must be treated like partnerships when determining their citizenship."). By alleging in the 2nd Amended Complaint that Plaintiff "is informed and believes, and based thereon alleges that [Certain Underwriters] is a citizen of Great Britain," Plaintiff has once again failed to properly allege defendant's citizenship or, as a result, a sufficient basis for this Court's subject matter jurisdiction.

Because the Court had previously warned Plaintiff of the possibility of dismissal if it failed to properly allege the Court's subject matter jurisdiction, and had indicated to Plaintiff the requirements for alleging diversity jurisdiction, the Court concludes that because Plaintiff is still unable to properly allege a jurisdictional basis for this action to be maintained in federal court, this action should be dismissed for lack of subject matter jurisdiction. The Court therefore dismisses this action without prejudice. Despite Plaintiff's counsel's lack of familiarity with the Local Rules, and an apparent inability to understand and comply with the Court's orders concerning the requirements for alleging the Court's jurisdiction, the Court nevertheless discharges the Court's January 6, 2015 order to show cause why Plaintiff's counsel should not be sanctioned for violating the Local Rules.

IT IS SO ORDERED.